

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |  |
|---|---|---|
| JOEL L. MILTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0209 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION
### TO REVERSE THE COMMISSIONER'S DECISION
### AND REMAND FOR FURTHER ADMINISTRATIVE ACTION

Plaintiff JOEL L. MILTON brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE B. BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability, and disability benefits.  Both parties have filed briefs in this cause.  For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED and the case REMANDED for proceedings consistent with this opinion.

### I.
### THE RECORD

Plaintiff applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act on October 17, 2002, with a protective filing date of August 29, 2002.  (Transcript [hereinafter Tr.] 52A-C, 75, 403-403A).

Plaintiff alleges an onset date of May 1, 2002 (Tr. 66).[1] Plaintiff lists impairments which include a mental impairment and a shoulder injury for which he received surgery. (Tr. 428-429). More specifically, plaintiff's brief lists his mental impairment as, "schizophrenic disorder with psychosis (auditory hallucinations), depression with self mutilation and borderline intellectual ability." (Plaintiff's Brief at 3). It was determined at the administrative level that plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17, 21). Plaintiff was born November 25, 1970 (Tr. 52A, 403), and the record shows he completed the twelfth grade with a special education degree. (Tr. 61, 72, 427). According to plaintiff's Adult Disability Report, and as found by the Administrative Law Judge ("ALJ"), plaintiff has worked as busboy, dishwasher, fast food worker and janitor. (Tr. 17, 67).

The Social Security Administration denied benefits initially and upon reconsideration. An administrative hearing was held before ALJ William S. Nail, Jr. on November 18, 2003. (Tr. 421-440). On March 24, 2004, ALJ Nail rendered an unfavorable decision, finding plaintiff not disabled and not entitled to benefits at any time relevant to the decision. (Tr. 13-22). The ALJ determined plaintiff,

> ...has been followed for a Schizoaffective disorder. He has a history of polysubstance dependency in remission. I.Q. testing has placed Mr. Milton in the borderline range of intellectual functioning, and he has exhibited functional deficits in reading and math. He also has a history of shoulder surgery. These conditions are "severe." Mr. Milton has apparently been diagnosed with Hepatitis C. However, no complications or functional limitations attributable to this condition are reflected in the medical record. Accordingly, this impairment cannot be considered "severe."

(Tr. 18). ALJ Nail further found that while plaintiff has a combination of impairments that are

---

[1] In the record at Tr. 52A and 403 the onset date is cited as May 1, 2002. The record at Tr. 66 reflects an onset date of May 28, 2002. The ALJ has referred to the onset day as May 1, 2002. (Tr. 17).

severe, they are not severe enough "to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (*Id*.). The ALJ found, "When Mr. Milton is substance free, and taking his prescribed psychotropic medications, no "marked" or "extreme" limitations are evidenced in any "B" criteria functional domains under Sections 12.03, 12.04, and 12.05 of the regulations." (*Id*.).[2] The ALJ concluded plaintiff retains the residual functional capacity (RFC) to perform unskilled, one or two step work processes at the light and sedentary exertional levels. (Tr. 21, Finding No. 6). Based on this RFC, and upon vocational expert testimony, the ALJ found plaintiff could return to work he had performed in the past, *viz*., as a janitor, as well as other work that exists in significant numbers in the regional and national economies. (*Id*., Finding No. 7). The ALJ thus concluded plaintiff was not under a disability at any time through the date of his decision.

Upon the Appeals Council's denial of plaintiff's request for review on June 11, 2004, ALJ Nail's determination that plaintiff is not under a disability became the final decision of the Commissioner. (Tr. 5-8). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

II.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to

---

[2]The sections 12.03, 12.04 and 12.05 referred to by the ALJ are the categories of Schizophrenic, Paranoid, and Other Psychotic Disorders; Affective Disorders; and Mental Retardation respectively. The "B criteria" of each category are the same and read, "B. Resulting in at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration.

support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision.

III.
<u>ISSUES</u>

In his brief, plaintiff presents the following issues:

1. Whether the case should be remanded for another hearing because new evidence was developed subsequent to the ALJ hearing indicating plaintiff has "marked" and "extreme" mental functional limitations that were not considered by the ALJ; and

2. Whether the ALJ erred by finding that drug and/or alcohol abuse was a contributing factor material to plaintiff's disability.

IV.
MERITS

Plaintiff contends the case should be remanded for another hearing because new evidence was developed subsequent to the ALJ hearing indicating plaintiff has "marked" and "extreme" mental functional limitations that were not considered by the ALJ. Specifically, the medical records reflect that plaintiff was treated monthly by Dr. Loraine Sommerfeldt, a psychiatrist with the Texas Panhandle Mental Health Mental Retardation (TPMHMR), from July 26, 2002 through November 14, 2003. (Tr. 298-309, 352-360). At his November 18, 2003 administrative hearing, plaintiff was represented by an employee of TPMHMR, Jamie Hardman. (Tr. 16). Ms. Hardman is not an attorney and she waived her right to collect any fees for assisting plaintiff. (Tr. 27). It appears from the record, Ms. Hardman, as an employee of TPMHMR, merely assisted plaintiff with the social security applications and appeals processes and accompanied plaintiff to his hearing. Ms. Hardman asked no questions of plaintiff nor did she question the Vocational Expert. Subsequent to the denial of benefits by ALJ Nail, it appears plaintiff sought legal assistance to appeal the denial. Counsel obtained an Assessment of Ability to Engage in Work Related Activities (Mental) from Dr. Sommerfeldt, plaintiff's treating physician. (Tr. 418-420). Such assessment was dated May 14, 2004 and was submitted to the Appeals Council within the sixty (60) day period authorized to appeal the ALJ decision. The Appeals Council denied plaintiff's request for review on June 11, 2004 and in its order stated, "The Appeals Council has received evidence which it is making part of the record. That evidence consists of the following exhibits: Exhibit AC-1 Assessment of ability to engage in work related activities

(mental) from Lorraine A. Sommerfeldt, M.D. dated May 14, 2004." (Tr. 9). The order of the Appeals Council further states, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 6).

Plaintiff cites *Latham v. Shalala*, 36 F.3d 482 (5th Cir. 1994) and argues this Court may and should remand this case to defendant for consideration of Dr. Sommerfeldt's assessment. (Plaintiff's Brief at 5). Under *Latham*, plaintiff argues, in order to justify a remand, the evidence at issue must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the new evidence into the record of the administrative proceeding. (*Id*. citing *Latham* at 483). Further, plaintiff recites, for the evidence to be material there must also exist the reasonable possibility it would have changed the outcome of the negative decision. (*Id*.) Plaintiff states,

> Here, the evidence is new because it was developed after the hearing. However, it was submitted to and received by the Appeals Council. The evidence is material because [it] specifically addressed the Plaintiff's RFC and the effect of prior substance abuse. Further, the evidence would likely change the outcome of the case had it been presented at the hearing. Good cause for the failure of submission of the evidence is a lack of adequate representation at the hearing.

(Plaintiff's Brief at 6). Defendant disagrees with plaintiff's position that the evidence is material stating it does not relate to the time period at issue. Defendant further states plaintiff has not shown good cause for failing to earlier submit the evidence. The Court disagrees. The evidence is new. Dr. Sommerfeldt's treatment may have been known before the ALJ decision but the assessment was not in existence until after the ALJ decision. It appears from the record that until asked, Dr. Sommerfeldt had not condensed plaintiff's treatment records into one report thereby articulating the effect of plaintiff's condition on his ability to engage in substantial gainful work

activity. Moreover, while it is true Dr. Sommerfeldt's assessment was dated May 14, 2004, almost six months after the administrative hearing, and almost two months after the date of the ALJ's decision, it does not appear this assessment was completed based upon any later-acquired disability or the subsequent deterioration of a previous, non-disabling condition. Instead, it appears Dr. Sommerfeldt's assessment was a documentation of her opinion of plaintiff's mental impairment based upon her treatment records dated July 26, 2002 through November 14, 2003, the specific, relevant time period at issue, thus fulfilling part of the materiality requirement.

As to the other materiality requirement, the issue whether there existed the reasonable possibility the new evidence would have changed the outcome of the defendant's determination as required by *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994), defendant argues the evidence was not necessary for a proper disability determination because the assessment is conclusory, contrary to the other evidence of record and pertains to decisions that are solely those of defendant. The Court, however, does not find the assessment conclusory to the degree argued by defendant. It is a form document requiring an assessment based upon a scale of None, Slight, Moderate, Extreme or Insufficient Evidence. (Tr. 418). The form also contains questions requiring descriptive analysis and Dr. Sommerfeldt in fact, answered such questions in paragraph form. The form is no more conclusory than the Residual Function Capacity assessments often completed in these type cases by a plaintiff's treating physicians, or by physicians as requested by the Disability Determination Services (D.D.S.). As to whether the assessment was contrary to other evidence of record or pertains to issues within the sole discretion of the ALJ, defendant's argument is misplaced. The evidence was submitted in a timely manner, accepted by the Appeals Council and as such the Appeals Council was either required to review it or

remand it to the ALJ for consideration. The Appeals Council and/or the ALJ was then required to articulate the acceptance or rejection of such evidence and the reasons therefor. This was not done. As stated in *Stafford v. Commissioner of Social Security Administration*, 2003 WL 1831064 *6 (E.D.Tex. Feb. 11, 2003),

> The Commissioner's own regulations and rules require claims adjudicators to consider all evidence in a claimant's case when making a disability determination or decision. 20 C.F.R. § 404.1520(a) (2002); Soc. Sec. Ruling 96-7p (1996). Governing circuit case law establishes a similar requirement. *Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir.2001). Thus, the Commissioner must issue decisions based on the record as a whole, and adjudicators are not free to pick and choose only the evidence supporting a particular position. *Loza,* 219 F.3d 378, 393 (5th Cir.2000); *Switzer v. Heckler,* 742 F.2d 382, 385-86 (5th Cir.1984). Moreover, when the Commissioner fails to take into account all relevant evidence, a reviewing court deems the Commissioner's decision to be unsupported by substantial evidence. *Myers,* 238 F.3d at 621.
>
> This duty to consider all evidence applies not only to an ALJ at the evidentiary hearing, but also to the Appeals Council, which issues the Commissioner's final decisions. *Cf. Carry v. Heckler,* 750 F.2d 479, 486 (5th Cir.1985) (requiring the Appeals Council on remand to consider all evidence of record, including new evidence). ...
>
> The Appeals Council, having elected to receive post-hearing evidence in this case, had a duty to consider and evaluate it, or to recommit the case to ALJ Williams for that purpose. The Appeals Council did not return the case to Judge Williams, and its summary denial of plaintiff's request for review provides no indication that it independently and fairly weighed the new evidence itself.

Just as in the *Stafford* case, the Appeals Council in this case stated very briefly, in one sentence, that it had considered the new evidence. However, it, "articulated no further reason for rejecting the treating physician's assessment." (Tr. 6, See *Stafford,* 2003 WL 1831064 *6, FN10 (E.D.Tex. Feb. 11, 2003). It is the opinion of this Court the Appeals Council was required to do more than summarily reject plaintiff's appeal without articulating the reasons for doing so, especially in light of the new submitted evidence.

Finally, plaintiff cites as good cause for his failure to earlier obtain the evidence at issue the fact he received inadequate representation. The Court agrees. While it may be true that not every social security applicant is or should be required to seek the assistance of a licensed attorney, it is not disputed that claimant's are entitled to *some* representation. If that representation is inadequate, it certainly could suffice to satisfy the good cause requirement under *Latham*. Here, plaintiff was accompanied, as discussed *supra*, by Ms. Hardman. It appears, however, that she simply assisted plaintiff with the application process, *i.e.* filling out the forms, and accompanied him to the hearing. In fact, the only times she spoke at the hearing were when she did not object to the admission of the exhibits and the testimony by the VE. (Tr. 423, 436-36). Ms. Hardman may or may not have been experienced enough to build plaintiff's case by obtaining the assessment by Dr. Sommerfeldt. Regardless, Ms. Hardman did nothing to assist plaintiff once they arrived at the hearing.[3] The need for adequate representation in this case was critical in light of plaintiff's mental impairments. Consequently, it is the determination of the undersigned that plaintiff has shown good cause why Dr. Sommerfeldt's assessment was not obtained prior to the ALJ decision.

Based upon the above, it is the opinion of this Court plaintiff's case should be reversed and remanded for further consideration consistent with this opinion. The Court notes plaintiff

---

[3]The Court does not, by this finding, attribute misfeasance to Ms. Hardman. Indeed, Ms. Hardman, as plaintiff's mental health counselor very probably did as best she could and was merely attempting to assist, without any remuneration, a low functioning plaintiff through the bureaucratic process.

has articulated one other issue, whether the ALJ erred by finding that drug and/or alcohol abuse was a contributing factor material to plaintiff's disability. The ALJ opinion notes plaintiff, "has a history of polysubstance dependency in remission." (Tr. 18). The ALJ further states, "When Mr. Milton is substance free, and taking his prescribed psychotropic medications, no "marked" or "extreme" limitations are evidenced..." (*Id*.). Finally, the ALJ says, "Mr. Milton has a history of substance abuse, and he has been treated for mental problems likely relating to this behavior. However, he asserts that he has been drug free since May 2002 which is commensurate with his alleged disability onset date." (*Id.)*. It is not clear to the Court whether the ALJ determined to what extent if any, plaintiff's polysubstance dependency contributed to his mental impairments *during the time at issue*. While the ALJ cites to such dependency and notes plaintiff has received treatment for the dependency, the ALJ also noted such polysubstance dependency to be in remission as of the alleged onset date. On remand, the defendant shall address this issue, especially in light of Dr. Sommerfeldt's assessment that plaintiff has marked and extreme mental limitations, even while sober.

V.
RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner finding plaintiff not disabled and not entitled to a period of disability benefits be REVERSED and the case be REMANDED for further administrative proceedings.

# VI.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>24th</u> day of August 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).